KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE RICO-CARRILLO,<br><br>Defendant. | CRIM. CASE NO. 08CR0363-DMS<br><br>DATE: March 21, 2008<br>TIME: 11:00 a.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOVERNMENT'S MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, hereby files the attached statement of facts and memorandum of points and authorities in support of Government's motion for reciprocal discovery and fingerprint exemplars.

**I**

**STATEMENT OF THE CASE**

On February 13, 2008, a federal grand jury in the Southern District of California returned an Indictment charging Jose Rico-Carrillo ("Defendant") with Attempted Entry After Deportation, in violation of Title 8, United States Code, Section 1326, and False Claim to United States citizenship,

in violation of 18 United States Code, Section 911. The Indictment further alleged that Defendant had been removed from the United States subsequent to May 29, 1998. Defendant was arraigned on the Indictment on February 14, 2008, and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

### A. THE INSTANT OFFENSE

On January 31, 2008, at approximately 2:35 a.m., Defendant applied for admission into the United States from Mexico at the San Ysidro, California Port of Entry pedestrian primary lanes. At primary inspection, Defendant claimed that he was a United States citizen by virtue of birth in Orange County, California. Also, Defendant claimed that he was going to La Habra, California. When the primary officer asked to see a birth certificate and identification card, Defendant claimed that he lost those documents. Defendant was then referred to secondary inspection.

At secondary, Officer J. Serrato began to inspect Defendant. Defendant claimed that he went to Mexico to take a vacation and party. Additionally, Defendant claimed that he had been drinking alcohol for three days and that the police had stolen his wallet and identification. As Officer Serrato tried to obtain additional information from Defendant, Defendant stated, "I was born in Mexico!" Immediately thereafter, Defendant started to run northbound towards the pedestrian exit. Officers apprehended Defendant and conducted record checks on Defendant.

Defendant's fingerprints were entered in the IAFIS system (Integrated Automated Fingerprint Identification System) and the IDENT system (Automated Biometric Identification System), which revealed that Defendant had a criminal history and had been previously deported from the United States. Also, immigration records contained no evidence that Defendant applied for or received permission to legally re-enter the United States.

At approximately 4:30 a.m., Defendant was advised of his Miranda rights and invoked his right to remain silent.

**B. DEFENDANT'S IMMIGRATION HISTORY**

Defendant is a citizen of Mexico. On February 5, 2003, a Final Administrative Deportation Order was issued, ordering Defendant removed from the United States to Mexico. Defendant was removed from the United States to Mexico on at least one occasion - January 30, 2008 via the San Ysidro, California Port of Entry.

## III

## GOVERNMENT'S MOTIONS

### A. MOTION FOR RECIPROCAL DISCOVERY

#### A. RULE 16(b)

The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with a defense request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

#### 2. RULE 26.2

Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**B. Motion to Compel Fingerprint Exemplars**

The Government requests that Defendant be ordered to make himself available for fingerprint exemplars at a time and place convenient to the Government's fingerprint expert. See United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints). Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity, rather for than investigatory purposes, the Fourth Amendment is not implicated. The Ninth Circuit in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the Government's ability to compel a defendant to submit to fingerprinting for purposes of identification at trial. See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004) (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)). Furthermore, an order requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth Amendment rights. See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth Amendment privilege "offers no protection against compulsion to submit to fingerprinting"); Williams v. Schario, 93 F.3d 527, 529 (8th Cir. 1996) (the taking of fingerprints in the absence of Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth Amendment).

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests that the Government's Motions be granted.

DATED: March 19, 2008.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ Luella M. Caldito

LUELLA M. CALDITO
Assistant U.S. Attorney
Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JOSE RICO-CARRILLO, Defendant. | Case No. 08CR0363-DMS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Timothy Garrison and Leila Morgan, Esq., Federal Defenders of San Diego, Inc.

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 19, 2008.

/s/ Luella M. Caldito
LUELLA M. CALDITO